UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

CHARLEY JAMES                                              CIVIL ACTION

VERSUS                                                     NO. 14-591-SS

ORLEANS PARISH PRISON, ET AL.

ORDER AND REASONS

Plaintiff, Charley James, filed the instant *pro se* and *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983. In the original complaint, he sued the Orleans Parish Prison, claiming that he was stabbed on three separate occasions due to a lack of security at the jail.[1]

On March 17, 2014, the undersigned notified plaintiff that the Orleans Parish Prison was not a proper defendant and ordered him to file an amended complaint naming the actual person or persons who allegedly violated his rights.[2] Plaintiff thereafter filed an amended complaint to add Orleans Parish Sheriff Marlin N. Gusman as a defendant.[3] Plaintiff also subsequently amended his complaint to attach copies of his medical records and clarify his prayer for relief.[4]

---

[1]  Rec. Doc. 1.

[2]  Rec. Doc. 4.

[3]  Rec. Doc. 5.

[4]  Rec. Docs. 19, 23, 24, and 27.

On May 14, 2014, Sheriff Gusman filed a motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c).[5] In his motion, Sheriff Gusman argued that no claim had been stated against him in either his official capacity or his individual capacity. On June 17, 2014, the undersigned United States Magistrate Judge issued a report recommending that the motion be granted in part and denied in part. Specifically, it was recommended that the motion be granted with respect to the official-capacity claim against Sheriff Gusman but denied with respect to the individual-capacity claim against him.[6] On July 11, 2014, the United States District Judge adopted that recommendation, and plaintiff's official-capacity claim was dismissed with prejudice.[7]

On September 22, 2014, counsel was appointed to represent plaintiff.[8] Plaintiff's counsel then filed a motion for leave to file an amended complaint which, *inter alia*, reasserted the official-capacity claim against Sheriff Gusman with greater specificity.[9] Sheriff Gusman did not oppose that motion, the motion was granted,[10] and the amended complaint was filed.[11]

---

[5] Rec. Doc. 12.

[6] Rec. Doc. 31.

[7] Rec. Doc. 40.

[8] Rec. Doc. 69.

[9] Rec. Doc. 72.

[10] Rec. Doc. 78.

[11] Rec. Doc. 79.

2

On January 22, 2015, Sheriff Gusman then filed a motion to dismiss the reasserted official-capacity claim against him.[12] Plaintiff opposed that motion,[13] Sheriff Gusman filed a reply to that opposition,[14] and plaintiff filed a sur-reply.[15] The parties having consented to jurisdiction of the undersigned United States Magistrate Judge,[16] it is now ordered that the motion to dismiss be denied for the following reasons.

In his motion, Sheriff Gusman's sole argument for dismissal is that plaintiff's attempt to reassert the previously dismissed official-capacity claim is barred by *res judicata*. Sheriff Gusman correctly notes that, after a final judgment is rendered in favor of a defendant, *res judicata* generally bars the plaintiff from reasserting the same claim based the same event or series of events. See, e.g., Mock v. Epps, No. 4:06CV39, 2006 WL 1050534 (N.D. Miss. Apr. 20, 2006) ("*Res judicata* means 'a thing decided;' the doctrine states that a final judgment on the merits rendered by a court of competent jurisdiction is conclusive as to the parties and their privies; therefore, attempts to litigate the matter further are barred. *Res judicata* bars a plaintiff from bringing a second suit based upon the same event or series of events by asserting additional facts or proceeding under a different legal theory; the doctrine prevents 'litigation of all grounds for, or defenses to, recovery that were

---

[12] Rec. Doc. 83.

[13] Rec. Doc. 99.

[14] Rec. Doc. 104.

[15] Rec. Doc. 108.

[16] Rec. Doc. 66.

3

previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding.'" (citation omitted)).

However, Sheriff Gusman's argument ignores the fact that, although there was a prior order entered in this case dismissing the official-capacity claim, there was no "final judgment" entered with respect to that claim. Because the Court's prior dismissal of the official-capacity claim was a nonfinal order, *res judicata* simply does not apply. See, e.g., J.R. Clearwater Inc. v. Ashland Chemical Co., 93 F.3d 176, 179 (5th Cir. 1996) ("Finality is an essential component of the concepts of both *res judicata* and collateral estoppel."); cf. United States v. Palmer, 122 F.3d 215, 220 (5th Cir. 1997) ("[I]n civil cases a district court is not precluded by the law-of-the-case doctrine from reconsidering previous rulings on interlocutory orders such as summary judgment motions, as those rulings are not immutable and lack res judicata effect."); United States v. Arkansas, 791 F.2d 1573, 1576 (8th Cir. 1986) (*res judicata* did not bar reinstatement of two parties to lawsuit, seven years after their initial dismissal, because there was no final judgment until the rights and liabilities of the remaining parties had been adjudicated). Although plaintiff's official-capacity claim against Sheriff Gusman may ultimately fail for other reasons, it is not barred by *res judicata*.

Accordingly, the motion to dismiss, Rec. Doc. 83, is **DENIED**.

New Orleans, Louisiana, this eleventh day of February, 2015.

**SALLY SHUSHAN**
**UNITED STATES MAGISTRATE JUDGE**

4